IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS IVISION

| | |
|---|---|
| Barry McAtee, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) | No. |
| ) | |
| Credit Bureau of Napa County, Inc., d/b/a Chase Receivables, a California corporation, ) ) ) ) ) | 1:11-cv-0883 WTL-MJD |
| Defendant. ) | Jury Demanded |

### COMPLAINT -- CLASS ACTION

Plaintiff, Barry McAtee, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection letter violates the FDCPA, and to recover damages for this violation, and alleges:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3.   Plaintiff, Barry McAtee ("McAtee"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom the Defendant attempted to collect a delinquent consumer debt allegedly owed to Healthport.

1

4. Defendant Credit Bureau of Napa County, Inc., d/b/a Chase Receivables ("Chase"), is a California corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Chase was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. McAtee.

## FACTUAL ALLEGATIONS

5. Defendant Chase sent Mr. McAtee an initial form collection letter, dated May 2, 2011, demanding payment of a delinquent consumer debt owed to Healthport. The letter stated, in pertinent part:

* * *

> UNLESS YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION OF IT, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST OF THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

* * *

A copy of this letter is attached as Exhibit A.

6. All of Defendant Chase's collection actions at issue in this matter occurred within one year of the date of this Complaint.

7.  Defendant Chase's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692g –
### Ineffectively Conveying
### The 30-Day Validation Notice

8.  Plaintiff adopts and realleges ¶¶'s 1-7.

9.  Section 1692g(a)(3) of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to dispute the validity of the debt, or any portion of the debt, and seek verification of it.

10. Here, although Defendant Chase's initial collection letter (Exhibit A) contains a notice required by § 1692g(a)(3) of the FDCPA, that notice was not effectively conveyed, or rendered ineffective, by other language in that letter. Specifically, Defendant's statement that Mr. McAtee must notify Chase "IN WRITING" if he disputes the validity of the debt ineffectively conveys the 30-day validation notice because an oral dispute is also effective. Defendant Chase's form collection letter thus violates § 1692g(a)(3) of the FDCPA. See, Camacho v. Bridgeport Financial, Inc., 430 F.3d 1078, 1082 (9th Cir. 2005).

11. Defendant Chase's violation of § 1692g(a)(3) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation of § 1692e --
## False Statement

12.  Plaintiff adopts and realleges ¶¶'s 1-7.

13.  Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt. Defendant's statement that Mr. McAtee must notify them "IN WRITING" if he disputes the validity of the debt is false, deceptive or misleading, in violation of § 1692e of the FDCPA because § 1692g(a)(3) of the statute does not require such a dispute to be in writing, since oral disputes are also valid.

14.  Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## CLASS ALLEGATIONS

15.  Plaintiff, Barry McAtee, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Healthport, via the same form collection letter (Exhibit A), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

16.  Defendant Chase regularly engages in debt collection, using the same form collection letter it sent Plaintiff McAtee, in its attempts to collect delinquent consumer debts from other consumers.

17.  The Class consists of more than 35 persons from whom Defendant

Chase attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff McAtee.

18. Plaintiff McAtee's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

19. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

20. Plaintiff McAtee will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff McAtee has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Barry McAtee, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff McAtee as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's form collection letter violate the FDCPA;

4. Enter judgment in favor of Plaintiff McAtee and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Barry McAtee, individually and on behalf of all others similarly situated, demands trial by jury.

Barry McAtee, individually and on behalf of all others similarly situated,

By: _____
One of Plaintiff's Attorneys

Dated: June 28, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com